NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 06-580 (GEB) |
| | : | |
| v. | : | |
| | : | |
| **RAFAEL PENA** | : | MEMORANDUM OPINION |
| | : | |
| | : | |

**BROWN, Chief District Judge**

This matter comes before the Court upon Motion for Reconsideration of Sentence by Petitioner *pro se* Rafael Pena [hereinafter "Petitioner"] pursuant to Federal Rule of Criminal Procedure 35. The Court, having considered the parties' submissions and having decided this matter without oral argument and for the reasons discussed below, will deny Petitioner's Rule 35 motion.

## I.  BACKGROUND

On February 22, 2005, a one-count Complaint was filed against Petitioner by the United States, alleging that Petitioner did "knowingly and intentionally import into the United States from a place outside thereof, namely the Dominican Republic, 1 kilogram or more of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 952, 960(a)(1) and 960(b)(1)(A). Specifically, the Complaint alleged that on February 20, 2005, Petitioner was a passenger on Continental Airlines flight # 850, originating from Santiago, Dominican Republic and arriving in Newark Liberty International Airport, Newark, New Jersey. The Complaint further alleged that upon Petitioner's arrival to Newark

International, he was subjected to a routine customs examination by the United States Customs and Border Protection (hereinafter "CBP"). The examination consisted of a primary CBP inspection and a subsequent secondary inspection. During the secondary inspection, agents of the CBP noted Petitioner behaving nervously, and further noted inconsistent statements by Petitioner regarding his reasons for traveling to the United States and where he was employed. Petitioner was asked to submit to an x-ray examination of his person, to which he consented. The x-ray revealed that Petitioner had ingested some sort of foreign bodies. Petitioner then admitted, in sum and substance, that he had ingested pellets containing heroin. A total of ninety-nine pellets were passed by Petitioner, with a weight of approximately 1100 grams.

Thereafter, on August 1, 2006, Petitioner waived indictment and plead guilty to an Information. The Information charged Petitioner with the importation of over 100 grams of heroin. The plea agreement, which he signed and affirmed in open court, contained the following language, in relevant part: "As set forth in Schedule A, this Office [United States Attorney's Office] and PENA waive certain rights to file an appeal, collateral attack, writ or motion after sentencing . . ."

On December 4, 2006, Petitioner was sentenced by the undersigned. Petitioner was sentenced to a 48 month term of imprisonment, with 4 years of supervised release thereafter. Petitioner also required to pay a $100 fine and a $100 special assessment. On December 18, 2006, Petitioner filed the instant motion for reconsideration. (See Docket Report).

II.     **ANALYSIS**

Petitioner asserts, in his motion for reconsideration: (1) that he expected to receive the bottom end of the guidelines, or 46 months rather than the 48 months to which he was actually

sentenced, and that defense counsel was deficient for not objecting to the imposition of 48 months; (2) that he should have been given a downward departure for being a minor participant, and that defense counsel erred for not moving for said departure; (3) that he was mistreated in the county jail system while awaiting sentencing and that defense counsel failed to move for a downward departure on that basis; and (4) that he was being excessively punished because he is an illegal alien and should have received a downward departure on that basis.

### A. Procedural Bars

F.R.C.P. 35 allows the Government to file a motion to reduce a defendant's sentence for "substantial assistance in investigation or prosecuting another person . . ." F.R.C.P. 35(b)(1)(A). In the instant matter, Petitioner motions for Rule 35 relief. However, the Government makes clear in its response that it is not seeking a Rule 35 reduction in sentence for Petitioner. Therefore, because the Government has not made the motion for relief under Rule 35, Petitioner's motion is procedurally barred.

Further, under the terms of the plea agreement Petitioner signed, he is procedurally barred from moving under a "writ or motion after sentencing . . ." (Plea Agreement). Therefore, Petitioner's motion is procedurally barred on this basis as well.

Finally, Petitioner's motion for reconsideration is based solely on ineffective assistance of counsel. Ineffective assistance claims are inappropriate in any motion or appeal other than a motion under Title 28, United States Code, Section 2255. *See United States v. DeRewal*, 10 F.3d 100, 104 (3d Cir. 1993). As such, Petitioner's motion is procedurally barred on this basis.

### B. Substantive Analysis

Petitioner provides no evidence to support any of his contentions. Specifically, there is

no evidence on the record or any basis under the sentencing guidelines that demonstrates that Petitioner rightfully could believe that he would be sentenced to 46 months. Further, the plea agreement that Petitioner signed specifically states that the calculations set forth in said agreement were subject to alteration pursuant to the sentencing court's independent findings of fact and law. Therefore, Petitioner was sentenced properly under the guidelines and received what the sentencing court believed to be appropriate.

Additionally, Petitioner did receive a two level downward departure for being a minor participant in the crimes alleged. Petitioner also received safety valve consideration, which ultimately lower his guideline level another two levels. Therefore, it is self-evident that Petitioner's counsel vigorously fought and obtained multiple downward departures for Petitioner.

Ultimately, as the Government accurately states in its opposition to Petitioner's motion for reconsideration, downward departures for conditions at county prisons are a basis for departure the sentencing court has firmly and almost uniformly rejected in the past. Further, there is no provision for any type of departure for Petitioner's status as an illegal alien, and the guidelines do not increase penalties on that basis.

Therefore, even if Petitioner's motion was not procedurally barred, it is nevertheless denied as Petitioner fails to demonstrate any basis for relief.

### III. CONCLUSION

Accordingly, Petitioner's Motion for Reconsideration pursuant to F.R.C.P. 35 is denied. An appropriate form of Order accompanies this Memorandum Opinion.

       s/Garrett E. Brown, Jr.
       **GARRETT E. BROWN, JR.**
       **CHIEF UNITED STATES DISTRICT JUDGE**

-4-